# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LAWRENCE PINO,

    Plaintiff,

v.                                     No. CIV 01-934 WJ/LFG

LUNA COMMUNITY COLLEGE,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant Luna Community College's Motion to Dismiss Plaintiff's Claims for Breach of Contract and for Breach of Covenant of Good Faith and Fair Dealing [Docket No. 37]. Having reviewed the submissions of the parties, the Court finds that the motion is not well taken and shall be denied.

**BACKGROUND**

Plaintiff's Complaint alleges that he was employed by the Luna Community College Board of Directors (Board) as the President of the Luna Community College (LCC) pursuant to an employment contract that permitted Plaintiff to be terminated without cause upon four month notice and payment of all salary for the remainder of the term of the contract, or be terminated for just cause after notice and hearing. Several months after Plaintiff's employment began, a new Board was elected. Plaintiff alleges that he expressed repeated concerns to the Board regarding what he perceived to be violations of the New Mexico Open Meetings Act. After Plaintiff began

expressing these concerns, the Board took actions that Plaintiff perceived as harassing, retaliatory, and that undermined Plaintiff's authority in his position. Plaintiff then states that the Board held a Board Meeting at which they decided to demote Plaintiff to a Vice-President position and hire a new interim President. Plaintiff alleges he was given no notice of the intent of the Board to remove him from his position and was given no opportunity for a hearing. Immediately after the meeting, Plaintiff was given a letter informing him that he would be terminated for cause based on insubordination if he refused to take the position of Vice-President. Plaintiff refused the position of Vice-President and was terminated from his employment.

Plaintiff's Complaint seeks recovery on claims for 1) Retaliatory Employment Action in Violation of Plaintiff's First Amendment Rights; 2) Denial of Plaintiff's Property Rights Without Procedural Due Process in Violation of Plaintiff's Fourteenth Amendment Rights; 3) Denial of Plaintiff's Liberty Interest in his Reputation in Violation of the Fourteenth Amendment to the United States Constitution; 4) Breach of Contract; 5) Breach of Covenant of Good Faith and Fair Dealing; 6) Prima Facie Tort; and 7) Civil Conspiracy. Defendant's Motion to Dismiss argues that Plaintiff fails to state a claim in Count IV Breach of Contract and in Count V Breach of Covenant of Good Faith and Fair Dealing.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in

the Complaint and construe them in the light most favorable to the plaintiff. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144 (10th Cir. 2001).

**DISCUSSION**

I.  MOTION TO DISMISS COUNT IV

Defendant argues that Plaintiff cannot bring his claim for breach of an employment contract because he is simultaneously bringing a claim for retaliatory discharge. The essence of Defendant's argument is that, under New Mexico law, which does govern the claim for breach of contract, a common law claim for retaliatory discharge is only recognized for at-will employees who do not have employment contracts. Defendant notes that New Mexico law will thus not permit a claimant from recovering for breach of an employment contract when that same claimant recovers for any type of retaliatory discharge claim. Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp., 738 P.2d 513, 515 (N.M. 1987). From this, Defendant infers that a claimant cannot bring any type of retaliatory discharge claim in the same cause of action in which the claimant pleads a breach of an employment contract because the two claims are contradictory and mutually exclusive.

Plaintiff's claim for retaliatory discharge is not a common law claim brought under New Mexico law but a federal claim alleging violations of Plaintiff's First Amendment Rights in violation of 42 U.S.C. Section 1983. While the common law state law claim for retaliatory discharge is limited to at-will employees without an employment contract, the federal claim contains no such limitation or element of the claim. Thus, while a claimant is precluded from recovering on both a state common law claim for retaliatory discharge and a state common law claim for breach of contract, there is no law that precludes a plaintiff from recovering on a Section

3

1983 claim alleging retaliatory discharge for the exercise of a fundamental constitutional right while also recovering on a claim for breach of an employment contract.

Even if the law were as Defendant states, Plaintiff would not be precluded from stating both claims. As noted above, the law does not allow a plaintiff who makes claims for both common law retaliatory discharge and breach of an employment contract to recover on both claims. However, this does not prevent a plaintiff from alleging both in his complaint and pursuing both claims. Thus, Defendant's Motion to Dismiss with regard to the claim for breach of contract is denied.

II.     MOTION TO DISMISS COUNT V

Defendant argues that Plaintiff cannot bring a claim for breach of a covenant of good faith and fair dealing because Plaintiff is bringing a claim for breach of an employment contract. Defendant, citing Melnick v. State Farm Mut. Auto. Ins. Co., 749 P.2d 1105 (N.M. 1988), asserts that the claim for breach of the covenant of good faith and fair dealing is precluded by the claim for breach of contract because New Mexico law does not permit recovery for a claim on the covenant of good faith and fair dealing beyond the terms of a contract because this modifies the language of an otherwise legal contract.

Defendant misreads the meaning of the holding in Melnick. In Melnick, the court stated that a cause of action for breach of a covenant of good faith and fair dealing is not recognized in an at-will employment relationship, and defined this relationship as one in which an employment contract for an indefinite period that is not supported by any consideration other than performance of duties and payment of wages. In Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852 (N.M. 1994), the court stated, "There is no reason why this state should not recognize [a cause of action

4

for breach of the covenant of good faith and fair dealing] as it applies to employment contracts that are not at-will employee arrangements. We should not treat employment contracts as a special type of agreement in which the law refuses to imply the covenant of good faith and fair dealing that it implies in all other contracts." Bourgeous, 872 P.2d at 857. Thus, Plaintiff is not precluded from bringing a claim for breach of a covenant of good faith and fair dealing.

Even if Plaintiff were precluded from recovering on both a claim for breach of contract and a claim for breach of a covenant of good faith and fair dealing, Plaintiff would not be precluded from alleging both claims in his complaint and pursuing both claims. Thus, Defendant's Motion to Dismiss with regard to Plaintiff's claim for breach of the covenant of good faith and fair dealing is denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Claims for Breach of Contract and for Breach of Covenant of Good Faith and Fair Dealing [Docket No. 37] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE